1 | STACEY E. JAMES, Bar No. 185651
sjames@littler.com
2 | KHATEREH S. FAHIMI, Bar No. 252152
sfahimi@littler.com
3 | LITTLER MENDELSON, P.C.
501 W. Broadway
4 | Suite 900
San Diego, CA 92101.3577
5 | Telephone: 619.232.0441
Facsimile: 619.232.4302

6 | Attorneys for Defendant
BUFFALO WILD WINGS, INC. and BLAZIN'
7 | WINGS, INC.

8 | SAMUEL A. WONG, Bar No. 217104
swong@aegislawfirm.com
9 | KASHIF HAQUE, Bar No. 218672
khaque@aegislawfirm.com
10 | JESSICA L. CAMPBELL, Bar No. 280626
jcampbell@aegislawfirm.com
11 | AEGIS LAW FIRM, PC
9811 Irvine Center Drive, Suite 100
12 | Irvine, California 92618-2902
Telephone: (949) 379-6250
13 | Facsimile: (949) 379-6251

14 | Attorneys for Plaintiff
KIANA TAMEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KIANA TAMEZ, individually and on behalf of all others similarly situated, | Case No. 2:15-cv-09754-JAK(PJWx) |
|---|---|
| Plaintiff, | |
| v. | **JOINT STIPULATION RE PROTECTIVE ORDER** |
| BUFFALO WILD WINGS, INC.; BLAZIN' WINGS, INC., | Trial Date: 9/12/17 |
| Defendant. | Complaint Filed: 9/30/15 |

Plaintiff Kiana Tamez ("Plaintiff") and Defendants Buffalo Wild Wings, Inc. and Blazin' Wings, Inc. ("Defendant"), by and through their respective counsel of record, hereby stipulate and agree to the following:

Firmwide:128843949.1 069080.1046                              2:15-cv-09754-JAK-PJWx

## Good Cause Statement

1. Plaintiff's allegations may require disclosure of private or confidential information regarding Defendant's purported current and/or former employees, trade secret and/or confidential business information involving Defendant's business policies and practices that may cause harm to Defendant if made available or accessible publicly or to Defendant's competitors. Good cause therefore exists for the issuance of this protective order which will allow the parties to engage in discovery in the above-captioned lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practical during the litigation.

## Definitions And Designation

2. Confidential Information. "Confidential Information" is any Disclosure or Discovery Material which the designating Party considers proprietary or confidential. Such documents may include, but are not limited to, business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), contact information of any current and former employee of Defendant, except for Plaintiff Kiana Tamez, surveillance videos, store maps, manuals, written policies and procedures, training materials, criminal background check reports, drug test results, and/or inspection or accident reports. This Stipulated Protective Order is intended to cover, and apply to, not only any and all documents produced in this litigation that are designated "Confidential," and any information contained in those documents, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

3. Attorneys' Eyes Only Information. "Attorneys' Eyes Only Information" is defined herein as confidential information which constitutes, discloses, reveals,

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

2.

2:15-cv-09754-JAK-PJWx

describes or discusses, in whole or in part, trade secrets, information about any Party's net worth, financial statements or budgets.

4. Stamping "Confidential" or "Attorneys' Eyes Only Information" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the designating party. Marking or stamping "Confidential Information" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information.

5. Any party that designates material as Confidential Information or Attorneys' Eyes Only Information must take care to limit any such designation to specific material that qualifies under the appropriate standards and, where appropriate, must designate as Confidential Information or Attorneys' Eyes Only Information only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably designated as Confidential Information or Attorneys' Eyes Only Information. Mass, indiscriminate, or routine designations of material as Confidential Information or Attorneys' Eyes Only Information are prohibited, and designations that are shown to be clearly unjustified or that have been made for an improper purpose (i.e., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the party making such designations to sanctions.

**Access to Confidential Information and Attorneys' Eyes Only Information**

6. Confidential Information produced or received in this action subject to this protective order shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: the Designating Party, its Counsel and its personnel, the Court, including assigned judges, their staff, jurors and other court personnel; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

3.

2:15-cv-09754-JAK-PJWx

involved in the conduct of this litigation and Defendant's in-house attorneys. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

    a. Current or former employees of Defendant, or any other defendant that may be added to this litigation, who may serve as a witness for Defendant, but only to the extent that the Confidential Information is directly related to their expected testimony;

    b. Plaintiff Kiana Tamez and any other named plaintiff that may be added to the litigation;

    c. Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

    d. court reporters and videographers recording or transcribing testimony in this action;

    e. Retained experts who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

    f. Mediators used to try to resolve the action;

    g. Any other person with the prior written consent of the designating party.

7. In the absence of written permission from a Designating Party or an order of the Court, any Attorneys' Eyes Only Information produced in this section subject to this protective order shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) Designating Party, its Counsel and its personnel; (b) Counsel for the Receiving Party and their personnel; (c) certified court reporters taking testimony involving such Confidential or Attorneys' Eyes Only Information and their

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

4.

2:15-cv-09754-JAK-PJWx

support personnel; (d) Independent Experts (and their support personnel) who are engaged for the purpose of this action by the Party or Counsel receiving the information; (e) the individual or individuals who authored, prepared, or lawfully received the information; (f) professional vendors that provide litigation support services, and their personnel and subcontractors; (g) the Court, including assigned judges, their staff, jurors and other court personnel; and (h) any other person with the prior written consent of the designating party.  However, as set forth above, this designation pursuant to this section is expressly intended to comply with Rule 1-500(A) of the California Rules of Professional Conduct, in that it does not restrict either Party's counsel from "the practice of law," including without limitation, providing legal advice or representation to putative class members who seek such advice and/or representation from them regarding any matter.

8.   Prior to reviewing any Confidential Information or Attorneys' Eyes Only Information, any person who falls within a category identified in Paragraph 6(a)-(g) and 7(b)-(h) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment "A".

9.   The parties shall retain copies of any executed non-disclosure agreements until the end of the action.  In the event of a possible violation of this protective order while this action is pending, a party may request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending or after the end of the action.

10.   The action is at an end when all of the following that are applicable occur:  (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

5.

2:15-cv-09754-JAK-PJWx

1  have concluded or the time for such appeals has expired; and (d) any post appeal
2  proceedings have concluded.

3  **<u>Use of Confidential Information and Attorneys' Eyes Only Information</u>**

4  11.  Confidential Information or Attorneys' Eyes Only Information shall be
5  used solely and exclusively for preparing for, attempting to settle, and prosecuting this
6  case pending the completion of the judicial process, including appeal. Confidential
7  Information or Attorneys' Eyes Only Information cannot be used for any other
8  purpose in any other matter or proceeding for any reason whatsoever. However, this
9  Stipulation and Protective Order is expressly intended to comply with Rule 1-500(A)
10 of the California Rules of Professional Conduct, in that it does not restrict either
11 Party's counsel from "the practice of law," including without limitation, providing
12 legal advice or representation to putative class members who seek such advice and/or
13 representation from them regarding any matter

14 12.  Nothing in this protective order shall restrict any party's counsel from
15 giving advice to its client with respect to this action and, in the course thereof, relying
16 upon Confidential Information and, provided that in giving such advice, counsel shall
17 not disclose the other party's Confidential Information or Attorneys' Eyes Only
18 Information other than in a manner expressly provided for in this protective order.

19 13.  Testimony taken at a deposition that involves Confidential Information or
20 Attorneys' Eyes Only Information must be designated as "Confidential" or as
21 "Attorneys' Eyes Only Information" by making a statement to that effect on the
22 record at the deposition, identifying the specific testimony or items claimed to be
23 Confidential Information or Attorneys' Eyes Only Information. Arrangements shall
24 be made with the deposition reporter taking and transcribing information designated
25 as Confidential to bind separately such portions of the deposition transcript and/or to
26 label such portions appropriately. If any portions of the deposition transcript and/or
27 video or audio versions of the depositions contain Confidential Information or
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

6.

2:15-cv-09754-JAK-PJWx

Attorneys' Eyes Only Information, or references thereto, they must be filed with the Court in compliance with this protective order.

14. A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action. Any audiotape and/or videotape of said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record. Any audiotape shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

15. Only individuals permitted access to Confidential Information or Attorneys' Eyes Only Information shall attend any deposition where Confidential Information or Attorneys' Eyes Only Information is used. Individuals attending any depositions using Confidential Information or Attorneys' Eyes Only Information shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys' Eyes Only Information unless that person is independently allowed access to the information. Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

### No Waiver and Challenges to Designation

16. Whether or not any evidence or testimony is, in fact, designated as "Confidential" shall not be conclusive of whether it is lawfully entitled to trade secret or other confidentiality protections, and the failure to make such a designation shall not constitute a waiver of any such protections.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

7.

2:15-cv-09754-JAK-PJWx

17. By entering into this protective order, the parties do not waive any right to challenge whether any material designated or not designated as Confidential Information or Attorneys' Eyes Only Information is properly designated or not designated as such, and do not waive the right to challenge at any hearing, trial or other proceeding whether such information is, in fact, confidential or private. Except for good cause, a party who wishes to challenge the designation of any document as Confidential or Attorneys' Eyes Only must notify the designating party no more than 30 days after service of the disputed document on the receiving party.

18. The burden of persuasion in any proceeding challenging the designation of any material as Confidential Information or Attorneys' Eyes Only Information shall be on the party making the designation. Frivolous challenges and those made for an improper purpose (i.e., to harass or impose unnecessary expenses and burdens on other parties) may expose the party making the challenge to sanctions. In the event of a challenge to the designation of material as Confidential Information or Attorneys' Eyes Only Information, all parties shall continue to treat the challenged materials as Confidential Information or Attorneys' Eyes Only Information until the court rules on the challenge.

**Filing Under Seal And Handling At Hearings And Trial**

19. With regard to any Confidential Information or Attorneys' Eyes Only Information to be filed with the Court, any party seeking to file such documents shall apply to do so under seal, in accordance with Central District Local Rule 79-5 and Judge Kronstadt's practices and procedures, available on the Court's website.

20. Should the need arise to offer testimony at a hearing or trial to present evidence marked as Confidential or Attorneys' Eyes Only Information that cannot be addressed through sealing the evidence, the parties will work in good faith to reach an agreement to use a redacted version of the evidence. If they cannot reach an agreement, then the designating party will be allowed an opportunity to seek an appropriate court order to appropriately restrict what Confidential Information or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

8.

2:15-cv-09754-JAK-PJWx

Attorneys' Eyes Only Information becomes public. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or Attorneys' Eyes Only Information into evidence, on grounds, including, but not limited to, relevance and privilege.

**Inadvertent Failure To Designate**

21. If, through inadvertence, any party produces or offers as testimony any Confidential Information without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice designating such information as Confidential Information or Attorneys' Eyes Only Information.

**Clawback Provisions**

22. The parties also wish to protect certain privileged and work product documents, information, and electronically stored information against claims of waiver in the event they are produced during the course of this litigation, whether pursuant to a Court order, a discovery request or informal production.

23. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege and/or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

24. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other identifying information; and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible. The

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

9.

2:15-cv-09754-JAK-PJWx

steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party. The producing party shall preserve all document(s) returned under this paragraph until it confirms that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the privilege issue is resolved. Notwithstanding the provisions of this paragraph, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

25. Upon written notice of an unintentional production by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return all hard and soft copies of the specified document(s). Where the document(s) have been transferred or stored electronically or are themselves privileged or attorney work product protected, the receiving party must delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.

26. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party must delete and/or render inaccessible those portions of the document that refer to the privileged and/or work product information. If the receiving party disclosed the specified document(s) before being notified of its inadvertent production, it must take reasonable steps to retrieve the document(s).

27. The receiving party shall have seven (7) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

28. The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned or destroyed documents on the grounds that

10.   2:15-cv-09754-JAK-PJWx
Firmwide:128843949.1 069080.1046
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  the documents are not in fact subject to a viable claim of privilege or protection.
2  However, the receiving party is prohibited and estopped from arguing that the
3  production of the documents in this matter acts as a waiver of an applicable privilege
4  or evidentiary protection, that the disclosure of the documents was not inadvertent,
5  that the producing party did not take reasonable steps to prevent the disclosure of the
6  privileged documents or that the producing party failed to take reasonable steps to
7  rectify the error.

8  29.    The parties shall meet and confer within seven (7) days from the receipt
9  of the objection notice in an effort to resolve the situation by agreement.  If an
10 agreement is not reached, the producing party may file an appropriate motion and, as
11 part of that motion, may request to submit the specified documents to the Court under
12 seal for a determination of the claim and will provide the Court with the grounds for
13 the asserted privilege or protection except where such a submission would violate
14 existing law.  Any party may request expedited treatment of any request for the
15 Court's determination of the claim.  Any motion made pursuant to this paragraph must
16 comply with Local Rule 37.

## Termination of Case

18 30.    The terms of this protective order shall survive the final termination of
19 this action and shall be binding on all of the parties thereafter.

20 31.    Within sixty (60) business days of the end of the action, each party must
21 return, make available for pick-up, or destroy Confidential Information received
22 during this litigation from the other party and copies of any deposition transcripts
23 designated as Confidential Information or Attorneys' Eyes Only Information.  Where
24 Confidential Information or Attorneys' Eyes Only Information has been transferred or
25 stored electronically, the receiving party must delete the electronic versions from the
26 devices on which they are or were stored or accessed or otherwise make them
27 inaccessible to the receiving party.  Notwithstanding these provisions, that counsel of
28 record for the parties may retain an archival copy of all pleadings, motion papers, trial,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

11.

2:15-cv-09754-JAK-PJWx

deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and those copies of any part of the Confidential Information or Attorneys' Eyes Only Information that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

32. Upon returning to the other side all Confidential Information and/or Attorneys' Eyes Only Information and/or deposition testimony or upon destroying such information, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information and Attorneys' Eyes Only Information in the form set forth in Attachment "B".

**Miscellaneous Provisions**

33. The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

34. In order to facilitate discovery and the production of documents during the time when this Protective Order is under review by the Court, the parties agree to be bound by paragraphs 2-15 of this stipulation without a Court Order. If the parties are unable to secure a Protective Order from the Court, all documents marked as "confidential" or "attorney's eyes only" will be returned to the Designating party, pending further stipulation or Court Order as to the production of the "confidential" or "attorney's eyes only" documents.

35. This protective order is subject to modification by stipulation of the parties. However, no stipulated modification of the protective order will have the force or effect of a Court order without the Court's prior approval. The Court may modify the terms and conditions of this protective order for good cause, or in the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

12.

2:15-cv-09754-JAK-PJWx

interests of justice, or on its own order at any time in these proceedings. The parties request that the Court provide them with notice of the Court's intent to modify the protective order and the content of those modifications, prior to incorporation of such modifications.

Dated: April 26, 2016

By: /s/
Stacey E. James
Khatereh S. Fahimi
LITTLER MENDELSON, P.C.
Attorneys for Defendant
BUFFALO WILD WINGS, INC.
and BLAZIN' WINGS, INC.

Dated: April 26, 2016

By: /s/
Samuel A. Wong, Esq.
Kashif Haque, Esq.
Jessica L. Campbell, Esq.
AEGIS LAW FIRM, PC
Attorneys for Plaintiff
KIANA TAMEZ

## ORDER

The Court, having reviewed the Parties' Joint Stipulation re Disclosure of Contact Information and Stipulated Protective Order, and GOOD CAUSE APPEARING THEREFOR, **HEREBY ORDERS** that the above Protective Order is hereby entered and approved by the Court for use in the above-captioned case.

Dated: May 2, 2016

*Patrick J. Walsh*

Hon. Patrick J. Walsh
MAGISTRATE JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:128843949.1 069080.1046

# ATTACHMENT A

*Tamez v. Buffalo Wild Wings, Inc.*

Case No. 2:15-cv-09754-JAK-PJWx

**Confidential Information and Attorneys' Eyes Only Information Non-Disclosure Agreement**

1.   I have had the opportunity to review the protective order in this action, and I agree (please initial all paragraphs that apply)

\_\_\_\_\_ I am being provided access to Confidential Information in this matter and I am one of the following: (a) a current or former employee of Defendant who has been asked to serve as a witness on an issue related to the Confidential Information that I am receiving or being shown; (b) a named Plaintiff to the action; (c) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (d) a court reporter or videographer recording or transcribing testimony in this action; (e) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (f) a mediator used to try to resolve the action; (g) an employee or subcontractor of a professional vendor that provides litigation support services; or (h) a person who the parties to the action have agreed in writing may receive Confidential Information.

\_\_\_\_\_ I am being provided  Attorneys' Eyes Only Information in this matter and I am one of the following:  (a) Counsel for the Receiving Party and their personnel; (b) a certified court reporter taking testimony involving such Attorneys' Eyes Only Information or their support personnel; (c) an Independent Expert (or their support personnel) who is engaged for the purpose of this action by the Party or Counsel receiving the information; (d) the individual or individuals who authored,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

Firmwide:138266426.1 061451.1211                    2:15-cv-09754-JAK-PJWx

prepared, or lawfully received the information; (e) a professional vendor that provides litigation support services, or their personnel and subcontractors; (f) the Court, including assigned judges, their staff, jurors and other court personnel; or (g) a person with the prior written consent of the designating party.

2.  I agree not to disclose any of the Confidential Information or Attorneys' Eyes Only Information to any third person and further agree that my use of any Confidential Information or Attorneys' Eyes Only Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose. I further agree that on or before the end of the action, I will return all Confidential Information or Attorneys' Eyes only Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

3.  By signing this Confidential Information and Attorneys' Eyes only Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____

_____
SIGNED

_____
PRINT NAME

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:138266426.1 061451.1211

2:15-cv-09754-JAK-PJWx

**ATTACHMENT B**

*Tamez v. Buffalo Wild Wings, Inc.*

Case No. 2:15-cv-09754-JAK-PJWx

**Certificate of Surrender And Deletion of Confidential Information and Attorneys' Eyes Only Information**

The undersigned hereby represents that, pursuant to the protective order, all Confidential Information and/or Attorneys' Eyes Only Information within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy, or destroyed. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information and/or Attorneys' Eyes Only Information was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____            _____
                                                    SIGNED

                                                  _____
                                                    PRINT NAME
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:138266426.1 061451.1211                    2:15-cv-09754-JAK-PJWx